Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Noel Hendrix

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Noel Hendrix**, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> **Chipotle Mexican Grill, Inc.**, a Delaware Corporation, <br><br> Defendants. | Case No. <br><br><br> **COLLECTIVE ACTION COMPLAINT UNDER 42 U.S.C. § 2000e, *ET SEQ.*** <br><br><br> **(Jury Trial Requested)** |

Plaintiff Noel Hendrix, individually, and on behalf of all other persons similarly situated, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff and the Collective Members are current and former lactating female employees of Defendants. They bring this action on behalf of themselves and all similarly-situated current and former lactating female employees of Defendants who were not given proper breaktime to pump breastmilk while on shift.

2. Plaintiff and the Collective Members bring this action against Defendants alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

3. This is an action for equitable relief, back pay, front pay, compensatory and punitive damages under Title VII.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 42 U.S.C. § 2000e, *et seq.* and 28 U.S.C. § 1331.

5. Venue is proper in this District because the acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein and, thus, are subject to personal jurisdiction in this judicial district.

6. Plaintiff timely filed a Charge of Discrimination with the EEOC and has timely filed this Complaint.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Noel Hendrix resided in the District of Arizona. At all relevant times, Plaintiff and Collective Members were employees of Defendants as defined in Title VII.

8. Defendant is a corporation authorized to do business in Arizona, and was at all relevant times Plaintiff's and the Collective Members' employer as defined by Title VII.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant from approximately March 2016 until December 2016 at its 59th and Thunderbird location in Glendale, Arizona.

10. Plaintiff was a nursing mother while employed with Defendant.

11. Throughout the timeframe relevant to this Complaint, Plaintiff would inform her managers that she needed regular breaks to express breastmilk, which would typically

occur no more than once or twice per shift.

12. If Plaintiff did not timely pump breastmilk consistent with a regular schedule, her breasts would become painfully engorged, or her breasts would sometimes leak breastmilk.

13. On or about December 29, 2016, Plaintiff requested a short break to pump breastmilk.

14. Plaintiff's managers refused to let her take a break to pump breastmilk, claiming that the restaurant was too busy to authorize her break.

15. Plaintiff was also told that she should have managed her time better before coming into work.

16. Plaintiff returned to her post working as a cashier, which is a high-volume, customer-facing role.

17. Approximately twenty minutes later, Plaintiff's breasts began to visibly leak breastmilk through her shirt.

18. Plaintiff was very embarrassed because she was forced to interact with customers in close proximity with a breastmilk-soaked shirt.

19. Upon discovering that her breasts were leaking through her shirt, Plaintiff's manager told her that she could take a break in fifteen minutes.

20. While she was waiting, Plaintiff's undergarments and work uniform became cold and soggy in plain view of guests.

21. Approximately forty minutes after she was allowed to pump, two of Plaintiff's managers called her into the office to berate her.

22. Vinnie F (LNU) raised his voice during the confrontation in the tiny office.

23. Vinnie F stated that he had a business to run and could not stop everything just because Plaintiff needed to pump breastmilk.

24. Vinnie F also told Plaintiff that her mother could call corporate, but that he was "untouchable," so there was no point.

25. Vinnie F also stated that the whole team "had his back," indicating that Plaintiff's peers not only knew about the embarrassing event, but also that they had apparently chosen Vinnie F's side.

26. Vinnie F also threatened to complain to Plaintiff's boss about her request to pump breastmilk during peak hours.

27. After her managers harassed her for requesting to take a pump break, Plaintiff felt ashamed and embarrassed.

28. Following the altercation, Plaintiff called Defendant's respectful work number on two or three occasions and left voicemails.

29. Defendant never responded to Plaintiff's complaints.

30. Plaintiff is aware of other current or former female employees of Defendant that were denied pumping breaks and/or that experienced similar hostility in the workplace.

31. Plaintiff filed a Charge of Discrimination with the EEOC alleging that she was discriminated against on the basis of her gender/pregnancy in violation of Title VII.

32. The EEOC issued a Cause Determination concluding that:

> there is reasonable cause to believe Respondent violated Title VII, the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e (k), when Respondent subjected Charging Party to discrimination due to her sex, female (pregnancy), by preventing her from expressing breast milk at work, and openly expressing hostility and subjecting her to harassment about her need to express milk at work.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff Hendrix brings this action on behalf of herself and all other similarly situated individuals. Plaintiff and the Collective Members are current and former lactating female employees of Defendants. They bring this action on behalf of themselves and all similarly-situated current and former lactating female employees of Defendants who were not given proper breaktime to pump breastmilk while on shift.

The proposed collective class for the FLSA claims is defined as follows:

**All current or former employees of Defendant, working in job positions in its restaurants, who requested to pump or express breast milk while on-shift, but were denied the request, and/or who were subjected to hostility or harassment for requesting such pump breaks, between March 9, 2016 and January 3, 2017.**

34. Plaintiff has given her written consent to be a party Plaintiff in this action. Plaintiff's signed consent form is attached as "Exhibit 1". As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

35. The EEOC also determined that:

Like and related to Charging Party's claim, and stemming out of the Commission's investigation, the evidence further revealed that Respondent subjected other Aggrieved Individual(s) to harassment due to their sex, female (pregnancy), in violation of Title VII, the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e (k).

As such, the Collective Members' claims are preserved by Plaintiff's timely filing of her EEOC Charge.

36. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job positions, and were each denied reasonable break periods to express breastmilk while on-shift. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly

maintained as a collective action because in all pertinent aspects of the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

37. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

38. Notice of this action should be sent to all similarly situated female employees who were denied reasonable break time to pump breast milk at work, or else were subjected to hostility or harassment for requesting pump breaks while on-shift.

39. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate breaks to pump breastmilk or experienced hostility for requesting pump breaks, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

**DISCRIMINATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(COUNT I)**

40. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-38 above as though fully set forth herein.

41. Defendant is an employer within the meaning of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e *et seq.*

42. Defendant's actions as alleged herein constitute discrimination on the basis of gender/pregnancy in violation of Title VII.

43. Defendant intentionally discriminated against Plaintiff and the Collective Members, and acted with malice or reckless indifference to Plaintiff's federally protected rights.

44. As a result of Defendant's discrimination, Plaintiff and the Collective Members have suffered damages in an amount to be proven at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. Designation of this action as a collective action on behalf of Title VII Collective Members (asserting Title VII claims) and prompt issuance of notice to all similarly situated members of the class, apprising them of the pendency of this action, and permitting them to timely assert Title VII claims in this action by filing individual Consent to Sue forms;

B. For the Court to award compensatory damages in an amount to be determined at trial;

C. For the Court to award punitive damages in an amount to be determined at trial

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs;

F. For the Court to provide reasonable incentive awards to each named Plaintiff to compensate them for the time they spent and risks they took in pursuing this lawsuit; and

G.    Such other relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiff and the Collective Members hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED August 12, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jessica Miller
    14500 N. Northsight Blvd, Suite 133
    Scottsdale, AZ 85260
    Attorneys for Plaintiffs

**EXHIBIT 1**

Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Noel Hendrix

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Noel Hendrix**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Chipotle Mexican Grill, Inc.**, a Delaware Corporation,<br><br>Defendants. | **Case No.**<br><br><br><br>**PLAINTIFF NOEL HENDRIX'S CONSENT TO JOIN COLLECTIVE ACTION AS NAMED PLAINTIFF** |

I, Noel Hendrix, do hereby consent to be a party plaintiff to the above entitled action. I have read the complaint to be filed in the United States District Court for the District of Arizona, Phoenix Division, and authorize my attorneys, Zoldan Law Group, PLLC to file the complaint on my behalf and for other employees similarly situated. I hereby verify that all information in the Collective Action Complaint Under 42 U.S.C. § 2000e, *et seq*. is true and accurate to the best of my recollection.

_____
Noel Hendrix

08 / 12 / 2020
_____
Date