Jason Barrat; AZ Bar No. 029086
Michael Zoldan; AZ Bar No. 028128
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Noel Hendrix

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Noel Hendrix**, | **Case No.  CV-20-01595-SPL** |
| Plaintiff, | |
| v. | **FIRST AMENDED VERIFIED COMPLAINT** |
| **Chipotle Mexican Grill, Inc.**, a Delaware Corporation, | |
| Defendant. | **(Jury Trial Requested)** |

Plaintiff Noel Hendrix alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 42 U.S.C. § 2000e, *et seq.* and 28 U.S.C. § 1331.

2.     Venue is proper in this District because the acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein and, thus, are subject to personal jurisdiction in this judicial district.

3.     Plaintiff timely filed a Charge of Discrimination with the EEOC and has

timely filed this Complaint.

## PARTIES

4.     At all relevant times to the matters alleged herein, Plaintiff Noel Hendrix resided in the District of Arizona.  At all relevant times, Plaintiff was an employee of Defendant as defined in Title VII.

5.     Defendant is a corporation authorized to do business in Arizona, and was at all relevant times Plaintiff's employer as defined by Title VII.

## FACTUAL ALLEGATIONS

6.     Plaintiff was employed by Defendant from approximately March 2016 until December 2016 at its 59th and Thunderbird location in Glendale, Arizona.

7.     Plaintiff was a nursing mother while employed with Defendant.

8.     Throughout the timeframe relevant to this Complaint, Plaintiff would inform her managers that she needed regular breaks to express breastmilk, which would typically occur no more than once or twice per shift.

9.     If Plaintiff did not timely pump breastmilk consistent with a regular schedule, her breasts would become painfully engorged, or her breasts would sometimes leak breastmilk.

10.     On or about December 29, 2016, Plaintiff requested a short break to pump breastmilk.

11.     Plaintiff's managers refused to let her take a break to pump breastmilk, claiming that the restaurant was too busy to authorize her break.

12.     Plaintiff was also told that she should have managed her time better before coming into work.

13.   Plaintiff returned to her post working as a cashier, which is a high-volume, customer-facing role.

14.   Approximately twenty minutes later, Plaintiff's breasts began to visibly leak breastmilk through her shirt.

15.   Plaintiff was very embarrassed because she was forced to interact with customers in close proximity with a breastmilk-soaked shirt.

16.   Upon discovering that her breasts were leaking through her shirt, Plaintiff's manager told her that she could take a break in fifteen minutes.

17.   While she was waiting, Plaintiff's undergarments and work uniform became cold and soggy in plain view of guests.

18.   Approximately forty minutes after she was allowed to pump, two of Plaintiff's managers called her into the office to berate her.

19.   Vinnie F (LNU) raised his voice during the confrontation in the tiny office.

20.   Vinnie F stated that he had a business to run and could not stop everything just because Plaintiff needed to pump breastmilk.

21.   Vinnie F also told Plaintiff that her mother could call corporate, but that he was "untouchable," so there was no point.

22.   Vinnie F also stated that the whole team "had his back," indicating that Plaintiff's peers not only knew about the embarrassing event, but also that they had apparently chosen Vinnie F's side.

23.   Vinnie F also threatened to complain to Plaintiff's boss about her request to pump breastmilk during peak hours.

24.   After her managers harassed her for requesting to take a pump break, Plaintiff

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 ~ mzoldan@zoldangroup.com

felt ashamed and embarrassed.

25.     Following the altercation, Plaintiff called Defendant's respectful work number on two or three occasions and left voicemails.

26.     Defendant never responded to Plaintiff's complaints.

27.     Plaintiff is aware of other current or former female employees of Defendant that were denied pumping breaks and/or that experienced similar hostility in the workplace.

28.     Plaintiff filed a Charge of Discrimination with the EEOC alleging that she was discriminated against on the basis of her gender/pregnancy in violation of Title VII.

29.     The EEOC issued a Cause Determination concluding that:

there is reasonable cause to believe Respondent violated Title VII, the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e (k), when Respondent subjected Charging Party to discrimination due to her sex, female (pregnancy), by preventing her from expressing breast milk at work, and openly expressing hostility and subjecting her to harassment about her need to express milk at work.

**DISCRIMINATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(COUNT I)**

30.     Plaintiff hereby incorporates by reference the allegations contained above as though fully set forth herein.

31.     Defendant is an employer within the meaning of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e *et seq.*

32.     Defendant's actions as alleged herein constitute discrimination on the basis of gender/pregnancy in violation of Title VII.

33.     Defendant intentionally discriminated against Plaintiff, and acted with malice or reckless indifference to Plaintiff's federally protected rights.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

34.    As a result of Defendant's discrimination, Plaintiff has suffered damages in an amount to be proven at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to award compensatory damages in an amount to be determined at trial;

B.    For the Court to award punitive damages in an amount to be determined at trial

C.    For the Court to award prejudgment and post-judgment interest;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs;

E.    An award of damages for all counts in an amount to be proven at trial;

F.    An award of back pay and front pay;

G.    Declaring the acts and practices complained herein are in violation of Title VII of the Civil Rights Act of 1964; and

H.    Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED September 1, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Michael Zoldan
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

1

2

**VERIFICATION**

3

Plaintiff Noel Hendrix declares under penalty of perjury that she has read the

4

foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted

5

therein are true and based on her personal knowledge, except as to those matters stated upon

6

information and belief, and as to those matters, she believes them to be true.

7

8

9

10

_____

Noel Hendrix

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZOLDAN LAW GROUP, PLLC

14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com